(No. 1874—)

JOHN MARSH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 7, 1934.*
*Supplemental opinion on petition for rehearing filed March 13, 1934.*

HAROLD JAMES SITRON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This case comes before the court upon the claim filed by John Marsh to obtain compensation for an accidental injury claimed to have been received while in the course of his employment as foreman in the Furniture Department at the State Prison at Joliet, Illinois. His duty was to act as foreman in the Furniture Department over twenty-four to thirty-two men. While so employed, a foreman in the Paint Depart-

ment had trouble with his paint machines, and claimant, learning of the trouble, requested permission of his immediate superior, Mr. Bowen, if he might go over to the new cell block house to fix it. Mr. Bowen told him he could go when he had some spare time, when he was through with work in his own department. Two or three days afterwards, claimant took one of the prisoners, Ferguson, with him, and went to the new cell block house, took the paint machine apart, and after repairing the machine began to use the same in spraying. He testified that they were short of hose on the machine and that he asked one of the men to bring the machine over to him so that he could handle it more easily; that as the machine was moved, he stepped off of a platform about two feet high, stepped on a three edged stick lying loose on the floor and bumped his right knee on one of the cell doors; that he finished the job, with the help of his man Ferguson, went to the foreman and explained to him about the machinery and then went back to his own department about one-half block distant from where he had suffered his accident.

It is clear from the record that the accident in question did not arise out of and while the claimant was engaged in the course of his duties and occupation, and so far as the record shows, his activities at the time of the accident were merely those of a volunteer, performed at a time when he was off duty, and can in no wise come within an allowance under the terms of the Workmen's Compensation Law.

Upon a consideration of the entire record, the court is of the opinion that the injury was not incurred within the purview of the Workmen's Compensation Act, and it is

THEREFORE ORDERED BY THE COURT that the claim be, and the same is hereby denied. Case dismissed.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

The original opinion herein, denying claim, was filed February 6, 1934. On February 19, 1934, claimant filed herein his petition for rehearing. The petition is to a large extent but a re-argument of the case; a further citation of authorities and the conclusion that,

"if the facts at bar are interpreted by the law in the cases cited * * * the State is responsible to claimant for compensation."

Claimant's duties were those of a foreman in the Furniture Department at the Joliet State Prison. During his leisure hours, at the request of the foreman in the Paint Department, and with the knowledge of his own immediate superior, he went to the Paint Department in another building "to help fix the paint machine". After having fixed the machine, he began operating it, and while so doing was hurt.

He was not working in any phase of the employment for which he was hired by the State.

Counsel cite *Sunnyside Coal* vs. *Industrial Commission*, 291 Ill. 523.

"When an employee is injured in an employment different from that which he was originally hired to perform, in order to find whether the employer is liable it is necessary to determine whether or not the element of knowledge or acquiescence or a known custom on the part of the employer exists. If the employer does not know the practice or custom, the employee is held to be a volunteer acting outside the scope of his authority, and if the employer does know and acquiesces, the employee is held to be acting within the scope of his authority."

The rule of *respondeat superior* does not apply to the State, and even if the Superintendent (Bowen) consented, claimant was still a volunteer so far as the State is concerned.

Counsel also quotes from *Dixon* vs. *Chiquola Manf. Co.*, 26 Cyc. 1090.

"The scope of a servant's duties is to be defined by what he was employed to perform, and by what, with the knowledge and approval of his master, he actually did perform," and an employee who was performing the same services he was in the habit of performing when he was injured is not to be considered a mere volunteer. (*Dixon* vs. *Chiquola Manf. Co.*, 86 S. C. 435; 26 Cyc. 1090; 1 Bradbury on Workmen's Comp.—2d ed-467.)

The State hired claimant as a furniture-shop foreman. The evidence shows that was the only trade he knew. There is no proof that he had ever tried to operate a paint machine before in his life, and certainly "he was not in the habit of performing such work" as referred to in the opinions just quoted. The inference from those cases is that if claimant *was not* in the habit of performing these extrinsic duties or if the employer had not acquiesced in same, the employer would not be liable.

Counsel for claimant cite another case, which under the facts, is directly against an allowance of this claim, i. e., *Henry* vs. *Industrial Commission*, 293 Ill. 493.

"If knowledge of the foreman that the claimant was working at another machine would have made the employer liable for an accident happening at such other machine, that rule cannot apply to an injury happening at a third machine, where the claimant, without his employer's knowledge, was engaged in other work than that which he had been told to do and was exposed to risks not incidental to such work."

The State, and not even the Superintendent, Mr. Bowen, had any knowledge that Marsh intended to or was *operating* the paint machine. The most that can be said is that Superintendent Bowen was informed by Marsh that the latter intended to help *repair* it. If he had quit then, he would not have suffered the accident in question.

No new matters or questions are raised in the petition for re-hearing. However, we have again examined the record in the case and find no reason for granting a rehearing and the petition is therefore denied.